NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HILLARD HOHN, | : | |
| | : | Civil Action No. 09-166 (SRC) |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| HAMERAJ MARAJ, MARIA KOWALCHUK AND MR. RAJA, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**CHESLER**, District Judge

This matter comes before the Court upon the motion to dismiss filed by Defendant Maria Kowalchuk ("Defendant") [docket item no. 24]. The Court has opted to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. Plaintiff has not filed an opposition to this motion. For the reasons discussed below, Defendant's motion will be granted and the claims against Defendant are dismissed with prejudice.

**I.   BACKGROUND**

Plaintiff Hillard Hohn ("Plaintiff") was employed at Ranjit Corporation in September and October 2007. Plaintiff alleges in the Complaint that he has suffered racial discrimination in connection with his employment. Plaintiff alleges that various individuals made racial remarks toward Plaintiff and that Plaintiff was refused proper training. In regards to Defendant, Plaintiff alleges that Defendant's "participation directly under her supervision taking part and allowing the

acts to occur create a hostile environment." Plaintiff further alleges that Defendant asked if Plaintiff "listened to jungle music" and if Plaintiff could "take the ethnic sound to his presentation out." Based on these, and similar, allegations, Plaintiff filed the instant Complaint, which asserts against all Defendants claims pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. ("Title VII").

**II.   DISCUSSION**

  **A.  Standard of Review**

Defendant brings this motion pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the claims asserted against her in the Complaint for failure to state a claim upon which relief may be granted.

When evaluating the sufficiency of claims, the Court must apply the plausibility standard articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  In Twombly and Iqbal, the Supreme Court stressed that a complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

The cases are also clear about what will not suffice: "threadbare recitals of the elements of a cause of action," an "unadorned, the-defendant-unlawfully-harmed-me accusation" and conclusory statements "devoid of factual enhancement." Id. at 1949-50; Twombly, 550 U.S. at 555-57.  While the complaint need not demonstrate that a defendant is *probably* liable for the

wrongdoing, allegations that give rise to the mere *possibility* of unlawful conduct will not do. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 557.  The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (relying on Twombly to hold that to survive a motion to dismiss a Complaint must assert "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element").

The Court must consider the Complaint in its entirety and review the allegations as a whole and in context.  Iqbal, 129 S.Ct. at 1950.  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the allegations of the complaint, documents attached or specifically referenced in the complaint if the claims are based upon those documents and matters of public record.  Winer Family Trust v. Queen, 503 F.3d 319, 327 (3d Cir. 2007).

**B.     Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. ("Title VII")**

The principal question presented on this motion to dismiss is whether Plaintiff has adequately alleged a violation of Title VII against Defendant Kowalchuk.  The Plaintiff has not met his burden, as an individual employee cannot be held liable under Title VII.  Sheridan v. E.I. DuPont de Nemours, 74 F.3d 1439, 1454 (3d Cir.1996) (holding that "we follow the great weight of authority from other courts of appeals and hold that an employee cannot be sued [under Title VII].").  Although the Complaint alleges that the Defendant was a supervisor, there is no indication that the Defendant was not an employee.  Accordingly, Plaintiff has failed to "state a

claim for relief that is plausible on its face." Twombly, 550 U.S. at 570.[1]

### III. CONCLUSION

For the foregoing reasons, the Court will issue an Order dismissing all claims against Defendant with prejudice.

                                         s/Stanley R. Chesler  
                                         STANLEY R. CHESLER  
                                         United States District Judge

DATED: September 28th, 2009

---

[1] The Defendant's argument that the instant law suit is time-barred is incorrect. A Title VII complaint must be filed in the District Court with 90 days of the Plaintiff's receipt of the right to sue letter. Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001). Plaintiff received the right to sue letter on December 7, 2008 and the Complaint was received by the Court on January 12, 2009. The fact that the in forma pauperis application delayed technical filing until April 29, 2009 is irrelevant.